THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HAROLD BRENNAN, Appellant.

Fourth Department, May 14, 1930.

*James B. McKenna,* for the appellant.

*Guy B. Moore, District Attorney [Jerome Cantor, Assistant District Attorney],* for the respondent.

SEARS, P. J. On March 4, 1927, defendant was sentenced to five years imprisonment as punishment for the crime of attempted grand larceny in the second degree after a plea of guilty. The punishment prescribed by the Penal Law for this crime is imprisonment for a term not exceeding two years and six months. (Penal Law, §§ 1297 and 261.) For a first offender the punishment for the crime is an indeterminate sentence of imprisonment, the minimum of which is from one year to one year and three months, and the maximum two years and six months. (Penal Law, § 2189, as amd. by Laws of 1919, chap. 411.) On July 29, 1929, while the defendant was still imprisoned under the five-year sentence, the district attorney of the county where he had been previously sentenced pursuant to the provisions of section 1943 of the Penal Law (as added by Laws of 1926, chap. 457) filed an information accusing the defendant of having been convicted of two other felonies prior to the conviction of March 4, 1927. When brought before the court to answer to this information, the defendant remained silent and this was entered of record and a jury was impaneled to inquire whether the offender was the same person convicted previously as alleged in the information. This was in accordance with the procedure laid down by section 1943 of the Penal Law. (*People* v. *Gowasky,* 244 N. Y. 451.) In submitting the question of identity to the jury, the learned county judge instructed the jury that this was a civil proceeding, and that the People were entitled to a verdict, if the identity of the defendant with the person previously convicted was established by a fair preponderance of the evidence. The court also refused to charge that the defendant's ·failure to take the witness stand was not to be construed as evidence of his guilt and that the jury was to draw no inference therefrom. Exceptions were taken to the instructions and to the refusal to charge as stated.

In our opinion this proceeding beginning with the information, though in a·sense collateral to the original trial (*People* v. *Schaller,* 224 App. Div. 3), is rather to be considered as supplemental thereto. It is as clearly criminal in its nature as was the original trial. Its ·purpose was to determine whether the defendant was a second or other multiple offender so as to be subject to aggravated punishment. It is argued on behalf of the People that the only question before the jury being the identity of the defendant with the persons formerly convicted, the proceeding is not one to determine guilt

within the meaning of section 389 of the Code of Criminal Procedure, which provides: "A defendant in a criminal action is presumed to be innocent, until the contrary be proved; and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal." We prefer to give the word " guilt " in this section a wider application. The proceeding determines a fact upon which depends the extent of his punishment. To be sure, his guilt of the crime for which he was indicted has already been determined and the second jury does not pass upon such guilt. (*Graham* v. *West Virginia*, 224 U. S. 616.) The information brings up, however, a question of the quality of the guilt. If former convictions had been known to the grand jury at the time of the original indictment, the convictions might have been alleged in the indictment and it would then have been open to the People upon the original trial to prove that the defendant was a person previously convicted. (*People* v. *Sickles*, 156 N. Y. 541.) Judge GRAY, in writing in the case last cited, says: " In a sense, the prior offense was not an element of the second offense, for they were disconnected acts; but the prior conviction so affected the grade of the prisoner's guilt and the degree of his liability to punishment, that, in that sense, it entered into the offense of which he is convicted." This element of the grade of the defendant's guilt, we believe, must be established with the same degree of certainty that must go to the establishment of the guilt of the crime itself. (*Wood* v. *People*, 53 N. Y. 511; *State* v. *Livermore*, 59 Mont. 362; *Thurpin* v. *Commonwealth*, 147 Va. 709; *Dunnington* v. *Commonwealth*, [Ky.] 21 S. W. [2d] 471; *Byler* v. *State*, [Ohio St.] 157 N. E. 421; *State* v. *Bruno*, [Utah] 256 Pac. 109.)

It makes no difference that the question of identity is tried separately by another jury. The fundamental question is the same and the rights of the defendant are entitled to the same protection in the one case as in the other. (*People* v. *Gowasky, supra.*) The conclusion follows that it was error to deny the defendant such rights in the instant proceeding.

Nothing in *People* v. *Schaller* (*supra*) is in conflict with this view. The determination there to the effect that the defendant was not entitled to peremptory challenges rested on the construction of section 373 of the Code of Criminal Procedure in the light of former common-law practice. No such question is involved here.

It is asserted in the briefs that at the time the information in this case was filed, the maximum permissible sentence for the crime of attempted grand larceny, second degree, as a first offense, had been served by the defendant. Assuming this to be so, although the record does not show it, the information was not in our judgment

filed too late to be effective. If the defendant was a repetitive offender, he was subject to a lengthened term of imprisonment and cannot escape it, in the absence of an applicable statute of limitation, because his conviction of prior offenses was not sooner discovered or more promptly brought to the attention of the court. Of course, he would always be entitled to credit on a lengthened sentence for time of imprisonment already served.

The judgment of conviction rendered November 29, 1929, should be reversed on the law, the facts having been examined and no error found therein, and a new trial upon the information granted.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment of conviction rendered November 29, 1929, reversed and a new trial upon the information granted; the said reversal is solely for errors of law and not for errors of fact or as a matter of discretion, this court having reviewed all questions of fact and found no error therein.