THE PEOPLE OF THE STATE OF NEW YORK ex rel. STANLEY SMITH, Appellant, *v.* WILLIAM HUNT, as Warden of Attica State Prison, Attica, N. Y., Respondent.

Fourth Department, June 28, 1939.

*Stanley Smith*, appellant, in person.

*John J. Bennett, Jr., Attorney-General* [*James P. Cotter, Vincent A. Tauriello* and *Patrick H. Clune, Assistant Attorneys-General*, of counsel], for the respondent.

PER CURIAM.   The relator was indicted for receiving stolen property.   The indictment charged him with being a fourth offender and set forth three previous convictions of felony.   The relator was tried and the jury convicted him as a fourth offender on December

7, 1937. He claims that after conviction an information should have been filed as to his previous convictions pursuant to section 1943 of the Penal Law.

Previous to the enactment of chapter 457 of the Laws of 1926, which amended section 1942 of the Penal Law and added to such law section 1943, it was necessary in order to give increased punishment for a prior conviction that the offender be charged with such prior conviction in the indictment charging him with the commission of the new crime. (*People* v. *Sickles*, 156 N. Y. 541; *People* v. *Rosen*, 208 id. 169.)

The language of sections 1942 and 1943 of the Penal Law shows that it was the intention of the Legislature that when a person convicted of a felony has previously been convicted of a similar crime, he may be given increased punishment when the indictment for the new crime charges him with such previous conviction or when after conviction on an indictment not charging the previous conviction, such previous conviction is proved pursuant to section 1943 of the Penal Law. This has been stated to be permissible in a number of decisions. (*People* v. *Brennan*, 229 App. Div. 378; *People* v. *Gowasky*, 244 N. Y. 451; *Matter of Dodd* v. *Martin*, 248 id. 394.)

The relator having been indicted, tried and convicted as a fourth offender, it was not necessary after conviction to follow any of the procedure set forth in section 1943 of the Penal Law.

The relator was represented by counsel on arraignment, during the trial, at the time the verdict of the jury was received and at the time of sentence. His rights were fully protected.

The relator claims that his sentence of twenty years to life should have been fifteen years to life. However, section 1942 of the Penal Law provides that a person convicted as a fourth offender shall be sentenced for an indeterminate term, the minimum of which shall be not less than the maximum term provided for a first offender for the crime for which the individual has been convicted, but the minimum term in any event shall be not less than fifteen years and the maximum thereof shall be his natural life.

The crime for which relator was convicted was receiving stolen property, for which a first offender may receive a maximum term of twenty years. (Penal Law, § 1308.) Therefore, the court was required to make the minimum term not less than twenty years.

The order should be affirmed, without costs.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNING-HAM and DOWLING, JJ.

Order affirmed, without costs of this appeal to either party.