John" J. Walsh, J.
Defendant-petitioner duly moves for a writ of error coram nobis upon a petition duly verified on the 24th day of May, 1961. Answering affidavits duly verified on July 6 and July 18, 1961 were duly presented on the submission of this application.
From the defendant-petitioner’s petition it appears that he seeks to vacate a judgment of conviction of burglary in the third degree and grand larceny in the second degree as second felony offenses for which he was sentenced on June 11, 1953 to concurrent terms of not less than 5 nor more than 10 years. The grounds upon which he bases his petition are:
(1) That the indictment which was returned on May 13, 1953 illegally set forth a prior conviction of grand larceny in the first degree.
(2) That the court erred in failing to read the indictment.
There have been submitted to the court the following-documents :
(a) A copy of the indictment.
(b) A certified copy of the Clerk’s minutes showing that on April 3, 1952, the defendant-petitioner, represented by counsel, pled guilty to grand larceny in the first degree (a felony) and was sentenced to a term in the county jail.
(c) A certified copy of the Clerk’s minutes showing that on June 1,1953, the defendant-petitioner was “ advised of his legal rights was assigned counsel “ to advise him” and “having *908 been duly arraigned ” pleaded guilty to grand larceny in the second degree, second offense and burglary in the third degree and grand larceny in the second degree, second offense, and that thereafter, and on June 11, 1953 was sentenced to terms of 5 to 10 years concurrently on the burglary third and grand larceny second counts as second felony offenses and the passing of sentence was suspended on the other count of grand larceny in the second degree, second offense. This exhibit further shows that on the day that he was convicted on his plea of guilty defendant-petitioner was duly sworn and his record was taken by the Clerk and that he admitted a previous conviction of grand larceny in the second degree.
The defendant-petitioner claims that the indictment upon which he pleaded guilty was procured on illegal and prejudicial evidence. He contends that by submitting evidence to the Grand Jury that defendant had previously been convicted and served time for a prior felony, the District Attorney inflamed the passions and prejudiced the minds of the grand jurors and destroyed the presumption of innocence which should have surrounded the defendant. He argues that pursuant to section 255 of the Code of Criminal Procedure, this was not legal evidence and the resulting indictment was erroneous and illegal. He further claims that the only proper way in which he could be charged as a second offender was by the filing of an information and reading it to him regarding his prior conviction pursuant to section 1943 of the Penal Law, which was not done.
This contention presents a pure question of law and is sufficiently documented so that no question of fact appears which will require a hearing before the court.
The People concede and the documentary evidence confirms the fact that defendant’s conviction as a second offender was based solely upon his plea to the indictment which alleged therein a second offense and upon his sworn statement when his record was taken that he had been so previously convicted.
There is no merit to defendant’s claim of error.
Until July 1,1957 when section 275-b of the Code of Criminal Procedure became effective, it was permissible to set forth in an indictment previous felonies. The indictment in the case at bar was returned on May 3,1953 at a time when such allegations of prior felonies was permissible. (People v. Gowasky, 244 N. Y. 451 [1927] ; People v. De Santis, 305 N. Y. 44.)
The documentary proof submitted shows the previous felony conviction; that defendant was arraigned on June 1, 1953; was represented by court-assigned counsel; pleaded guilty to the *909 indictment as a second offender; was duly sworn and admitted the previous conviction and was duly sentenced on J une 11,1953.
The defendant-petitioner also alleges in his petition that no information was filed or read to him regarding his prior conviction pursuant to section 1943 of the Penal Law of the State of New York. In this respect, it has been held that where the indictment alleges prior convictions, that it is not necessary to file an information under section 1943 of the Penal Law. (People v. Gowasky, 244 N. Y. 451, supra ; People ex rel. Jablonwski v. Jackson, 272 App. Div. 859 ; People ex rel. Smith v. Hunt, 257 App. Div. 457 ; People ex rel. Jablonowski v. Jackson, 272 App. Div. 989.)
The second claim of error by defendant is that the court failed to read the indictment to him on the date of his arraignment.
Without passing upon the question whether this alleged procedural defect is subject to coram nobis, this court finds no merit to the claim.
The People have submitted the sworn affidavit of Assistant District Attorney Parry to the effect that on June 1, 1953 he represented the People on the arraignment of the defendant, that the court assigned Attorney Donald Keinz to represent defendant. That after counsel was assigned, Mr. Parry read the indictment in open court to the defendant and his counsel, after which, he gave to the defendant and his counsel a copy of the indictment. That on the same day, defendant pleaded guilty and that on June 11,1953 while again represented by counsel, defendant was sentenced as a second felony offender.
The Clerk’s minutes show that defendant was “ duly arraigned ” on June 1,1953. (See People v. Bombard, 5 A D 2d 923.)
Charges of error made in coram nobis proceedings are subject to the criteria relied upon in all cases to determine where the truth lies.
Bare allegations at variance with court records or answered by sworn affidavits particularly with respect to claimed procedural defects occurring in the presence of counsel are insufficient in law to warrant the granting of a hearing. Due process does not require a court to accept every sworn allegation in a petition for a writ of error coram nobis as true. (People v. White, 309 N. Y. 636 ; see, also, People v. Northfleet [denial of hearing affd. without opinion], 9 A D 2d 932.) The application for a writ of error coram nobis is in all respects denied.