353 So.2d 180 (1977)
Dale KING, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-270.
District Court of Appeal of Florida, Third District.
December 13, 1977.
*181 Bennett H. Brummer, Public Defender, and Thomas G. Murray, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Arthur Joel Berger, Asst. Atty. Gen., for appellee.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PEARSON, Judge.
The appellant, Dale King, was called as a prosecution witness at the trial of two persons who were accused in the same murder for which King had previously been adjudicated guilty. King refused to testify and claimed his privilege against self-incrimination. The trial judge ruled that he had waived his Fifth Amendment privilege because he had testified at his own trial. Upon further refusal, based upon the advice of his attorney, King was sentenced to sixty days incarceration for direct criminal contempt. This appeal is from the last order. We reverse.
King was found guilty on October 9, 1976, of charges growing out of the same incident that he now claims privilege. A notice of appeal from his conviction was timely filed on November 18, 1976. On January 5, 1977, King was called to testify as a prosecution witness against his codefendants. At that time, his appeal was pending and his rights under the Fifth Amendment to the United States Constitution were valid and outstanding. See Mills v. United States, 281 F.2d 736 (4th Cir.1960); and cf. Salem v. State, 305 So.2d 23 (Fla. 3d DCA 1974); Saunders v. State, 319 So.2d 118 (Fla. 1st DCA 1975); and United States v. Wilcox, 450 F.2d 1131 (5th Cir.1971).
The State urges that if King had testified, he would have had immunity under Section 914.04, Florida Statutes (1975). We do not consider this argument inasmuch as appellant was not informed that he would be given immunity. See Ballengee v. State, 144 So.2d 68 (Fla. 2d DCA 1962).
Accordingly, the judgment of direct contempt and the sentence pursuant thereto are reversed and the cause is remanded with directions to discharge the defendant from this charge.