397 So.2d 1214 (1981)
Kevin M. MEEHAN, Appellant,
v.
STATE of Florida, Appellee.
No. 80-2330.
District Court of Appeal of Florida, Second District.
May 8, 1981.
*1215 Jerry Hill, Public Defender, and William C. McLain, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Chief Judge.
The state filed six informations, each charging Kevin M. Meehan with burglary of a dwelling. The state gave Meehan notice that it would seek to have him sentenced as a habitual offender under section 775.084, Florida Statutes (1979). Meehan pled nolo contendere to each charge. At the sentencing hearing, the state, relying on two previous convictions to activate the habitual offender statute, requested that the trial court enhance Meehan's sentence. Meehan's first alleged conviction was in 1972 and, under section 775.084(1)(a)2, could not be used for enhancement purposes since it had occurred more than five years prior to the commission of the felonies involved here. Meehan's second alleged conviction occurred in 1977, but the judgment did not include any fingerprints to connect it to Meehan as required by section 921.241. We note, however, that the state could still have sought enhancement if it could have connected the conviction to Meehan by competent evidence other than the judgment.
After the trial court became aware of these problems, it placed Meehan under oath and asked him if he had been convicted in 1977. On the advice of his counsel, Meehan invoked the fifth amendment to the United States Constitution and refused to answer. The court repeated the question advising Meehan that it would hold him in contempt if he refused to answer. Once again, Meehan refused. The court adjudged Meehan in contempt and sentenced him to 179 days incarceration.
Meehan contends that the trial court's finding of contempt for his refusal to testify about his alleged former conviction violated his constitutional right against self-incrimination. We agree and reverse.
First, we note that by testifying Meehan would have subjected himself to a longer imprisonment. The maximum penalty he could have received on each burglary charge without enhancement was fifteen years. §§ 775.082(3)(c), 810.02, Fla. Stat. (1979). If the state had established that Meehan was a habitual offender, however, the court could have sentenced him to thirty years on each charge. § 775.084, id. Thus, Meehan argues that his right against self-incrimination continued to apply after his conviction.
The right against self-incrimination does not terminate on conviction. A person who has been convicted but whose appeal is pending retains that right if called to testify in a trial of other individuals. King v. State, 353 So.2d 180 (Fla. 3d DCA 1977). It also continues to apply after a person has been convicted but before he is sentenced. Mills v. United States, 281 F.2d 736 (4th Cir.1960); Steinberger v. District Court, Colo., 596 P.2d 755 (1979); People v. Brennan, 229 App.Div. 378, 242 N.Y.S. 692 (1930). In each of these cases, the court's rationale was that the person asserting self-incrimination protection would be subject to a *1216 greater sentence if forced to testify. This rationale applied here since Meehan had been convicted and was subject to an enhanced sentence if he testified.
Further, two courts have recognized the applicability of a defendant's constitutional right against self-incrimination at enhancement proceedings. In In re Yurko, 10 Cal.3d 857, 519 P.2d 561, 112 Cal. Rptr. 513 (1974). the California Supreme Court concluded that a convicted person defending a charge of being a habitual criminal had the same constitutional rights, including the right against self-incrimination, as he had in the guilt determination. The court stated:
Because of the significant rights at stake in obtaining an admission of the truth of allegations of prior convictions, which rights are often of the same magnitude as in the case of a plea of guilty, courts must exercise a comparable solicitude in extracting an admission of the truth of alleged prior convictions.
Id. at 863, 519 P.2d at 565, 112 Cal. Rptr. at 517.
In People v. Brennan, 242 N.Y.S. at 692, the New York Supreme Court concluded that a sentence enhancement proceeding was as criminal in its nature as the original trial. It stated, "The fundamental question is the same, and the rights of the defendant are entitled to the same protection in the one case as in the other." Id. at 695. Cf. Holmes v. State, 311 So.2d 780 (Fla. 3d DCA 1975) (a probation revocation proceeding is not criminal; therefore, the right against self-incrimination does not apply).
On the other hand, the Florida Supreme Court has stated that a convicted person is not entitled to the full panoply of constitutional rights at a habitual offender proceeding. Eutsey v. State, 383 So.2d 219 (Fla. 1980). In Eutsey the court rejected the defendant's contention that he had a right to a jury trial and that the standard of proof was beyond a reasonable doubt in establishing that enhancement of his sentence was necessary for the protection of the public. § 775.084(3), Fla. Stat. (1979). The court, however, was not concerned with "those basic safeguards which are fundamental rights and essential to a fair trial," including the right to confront and cross-examine witnesses. Specht v. Patterson, 386 U.S. 605, 610, 87 S.Ct. 1209, 1212, 18 L.Ed.2d 326 (1967). The basic safeguard against self-incrimination historically has protected an accused from judicial inquisition. Like the right to confront and cross-examine witnesses, we think it essential to a fair trial that the state be required to independently establish the prior convictions it relies upon to enhance a defendant's sentence.
We hold that Meehan retained his right against self-incrimination during the habitual offender sentencing proceeding and that the trial court erred when it found him in contempt for exercising that right. We reverse and remand for further proceedings consistent with this opinion. The trial court shall give Meehan credit for the time incarcerated under the contempt order in any future sentence on the burglary conviction.
OTT and CAMPBELL, JJ., concur.