FERGUSON, Judge.
Juan Maristany appeals from a final order of the trial court finding him in criminal contempt and sentencing him to five months and twenty-five days incarceration. We reverse.
Appellant had been convicted on twelve counts of grand theft after a guilty plea. He was sentenced to a year in jail to be followed by a period of probation. While serving the sentence he was subpoenaed to give testimony regarding those same *207 cases — specifically to identify other persons involved. Maristany refused to answer. At a hearing on an order to show cause he asserted not only a fear for his family’s safety, but also his Fifth Amendment privilege against self-incrimination on grounds that his responses to the state’s questions could expose him to federal prosecution.
As evident from the record, the trial court considered and rejected Maristany’s assertion of his right against self-inerimination as justification for his refusal to give the information, relying on Murphy v. Waterfront Commission of New York, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964).
The trial court erred, however, in applying the rule of Murphy, supra, to this case because Maristany had not been offered immunity by the state. See, e.g., King v. State, 353 So.2d 180 (Fla. 3d DCA 1977). Accord, Libertucci v. State, 395 So.2d 1223, 1225, n.1 (Fla. 3d DCA 1981). Accordingly, the judgment of criminal contempt and the resultant sentence are reversed.
REVERSED.