JOANOS, Judge.
Appellant Paul Joseph Landenberger appeals his conviction and the sentence imposed after he entered a plea of nolo con-tendere to sale or possession of cocaine, and expressly reserved his right to appeal the denial of his motions to dismiss. Appellant raises four issues for review: (1) whether the trial court erred in finding him guilty of direct criminal contempt, (2) whether the trial court erred in assessing court costs against him, (3) whether the trial court erred in denying the motion to dismiss based upon an allegation of denial of due process, and (4) whether the trial court erred in denying the motion to dismiss based upon an allegation of entrapment. We reverse as to point one, and affirm with respect to the three remaining issues.
The facts relevant to the direct criminal contempt issue reflect that after entry of appellant’s nolo contendere plea, the state moved to compel his testimony in connection with the case against his co-defendants. The trial court recognized appellant’s right to refuse to answer the state’s questions until after he was sentenced, but observed that once sentence was pronounced the state could take appellant’s testimony. On July 17,1986, appellant was sentenced to serve one year in the Alachua County Department of Corrections. On July 18, 1986, the trial court instructed appellant to respond to the state’s questions pertaining to the preparation for the trial against appellant’s co-defendants. When appellant refused to testify on the basis of his Fifth Amendment privilege against self-incrimination, the trial court found him guilty of direct criminal contempt. The court imposed a sentence of five months and twenty-nine days, with directions that the contempt charge was to *713 be served prior to commencement of the one-year sentence on the drug charge.
In the absence of a promise of immunity, a convicted felon with an appeal pending has a Fifth Amendment privilege not to testify, and this privilege continues throughout the pendency of the appeal. Libertucci v. State, 395 So.2d 1223 (Fla. 3d DCA 1981); King v. State, 353 So.2d 180 (Fla. 3d DCA 1977). See also Araujo v. State, 452 So.2d 54, 59 n. 1 (Fla. 3d DCA 1984); Maristany v. State, 414 So.2d 206 (Fla. 3d DCA 1982).
The case under review is factually similar to King v. State, in that King, like appellant herein, was convicted and then called as a state witness against two persons accused of participation in the same crime. King, who had not been promised immunity, claimed his Fifth Amendment privilege and refused to testify. The court found that since King’s appeal was pending when the state called him to testify, his Fifth Amendment rights were valid and outstanding. Therefore, King’s judgment and sentence for direct criminal contempt were reversed.
In the instant case, as in King, the state did not advise appellant that he would be granted immunity in connection with his testimony. In addition, appellant’s appeal was pending when the state called him to testify. Therefore, we find the trial court erred in holding appellant guilty of direct criminal contempt, and reverse with respect to point one of this appeal.
We have reviewed the other points raised on appeal, and affirm without the necessity of discussion.
Accordingly, the judgment and sentence of direct criminal contempt are reversed. The judgment and sentence for sale or possession of cocaine are affirmed.
SHIVERS and THOMPSON, JJ., concur.