PER CURIAM.
The Traffic Court Rules Committee of The Florida Bar (rules committee) has petitioned this Court to approve its quadrennial report of proposed changes to the Florida Rules of Practice and Procedure for Traffic Courts (Traffic Court Rules). Pursuant to Florida Rule of Judicial Administration 2.130, the proposed amendments were submitted to The Board of Governors of The Florida Bar for review. The board unanimously recommended approval. Pursuant to rule 6.040, the proposed amendments were also submitted to The Traffic Court Review Committee (review committee) of this Court. The review committee opposed the proposed changes to rules 6.010, 6.040, 6.156, 6.183, and 6.185. At oral argument, the rules committee withdrew its proposed changes to rules 6.010 and 6.040. Pursuant to rules 6.040 and 6.156(d), the review committee also has petitioned this Court to approve its quadrennial report of proposed changes.
In its report, the rules committee proposes that rule 6.156 be amended to provide that various groups be represented on the review committee in accordance with strict guidelines (e.g., “[fjorty percent (40%) of the Committee shall be County Court Judges”). We decline to approve this change. The amendment would create unnecessarily rigid restrictions that could exclude well-qualified candidates from serving on the committee. In its report, the review committee proposes that rule 6.100 be amended to include a provision giving chief circuit judges authority to prescribe by administrative order a procedure for handling citizen complaints. We decline to approve this change. According to the re *275 view committee’s own observation, “the number of citizen complaints has been extremely low.” Such a change is unnecessary at this point.
Of those changes proposed by the rules committee, we hereby approve the proposed amendments to rules 6.090, 6.110, 6.140, 6.160, 6.165, 6.180, 6.183, 6.185, 6.290, 6.455, and 6.540. Of those changes proposed by the review committee, we hereby approve the proposed amendments to rules 6.115, 6.340, 6.575, and 6.600. We further approve the review committee’s request that the forms contained in the appendices to rule 6.115 be deleted due to their frequent need for modification. We hereby order these forms deleted.
Appended is the text of the amended portions of the rules. The amended rules become effective January 1, 1989. The committees’ comments (reason for change) are included for explanation and guidance only and are not adopted as an official part of the rules.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.
APPENDIX
Rule 6.090 Direct and Indirect Criminal Contempt
PRESENT RULE Direct and indirect criminal contempt shall be punished in the same manner as in the Criminal Rules of Procedure.
PROPOSED RULE Direct and indirect criminal contempt shall be proceeded upon in the same manner as in the Criminal Rules of Procedure.
REASON FOR CHANGE The change from the word “punished” to the words “proceeded upon” were needed to make clear that the Committee intended to follow the procedure as outlined in Rule 3.830 and Rule 3.840, Criminal Procedure Rules. Those Rules are procedural and contain no penalties.
Driver Improvement, Student Traffic Safety Council and DWI Counter Attack Schools Rule 6.110
PRESENT RULE (a) In relation to traffic law violators ordered or allowed to elect to attend a driver improvement school or student traffic safety council school, or sentenced to a DWI Counter Attack School, the chief judge of the circuit shall issue an administrative order designating the schools to which attendance is required. No DWI Counter Attack School shall be approved by the chief judges until approval is first granted by the DWI Schools Coordinator or the Traffic Court Review Committee.
PROPOSED RULE (a) In those areas where traffic law violators are ordered or are allowed to elect to attend a driver improvement school or student traffic safety council school or are sentenced to a substance abuse education course, the chief judge of the circuit shall issue an administrative order designating the schools to which attendance is required. No substance abuse education course shall be approved by the chief judges until approval is first granted by the DWI Schools coordinator or the Traffic Court Review Committee. (d) However, an out of state resident sentenced to such may elect to complete a substantially similar program in his home state, province, or country.
REASON FOR CHANGE The reason for the change was to bring Subsection (a) into conformity with the statutory language in F.S. 322.282 which states "substance abuse education course” rather than a “DWI Counter Attack School”.
Subsection (d) is new and was designed to allow compliance with F.S. 316.193(5), where the person did not reside in the State of Florida, and was in Florida for only a short, temporary stay, that attendance at a substance abuse course in Florida would constitute a hardship. F.S. 316.193(5) requires only that the substance abuse course be “specified by the Court”.
Rule 6.115 DWI-■School DUI Program Coordination Trust Fund
PRESENT RULE (1) Each DWI school approved by the DWI Schools Coordinator is required to remit monthly the assessments collected pursuant to Section 25.387, Florida Statutes, to the DWI Schools Coordinator
PROPOSED RULE (1) Each BWI--school DUI Program approved by the BWi Schools Coordinator DUI Programs Director is required to remit monthly the assessments collected pursuant to Section 25.387,
REASON FOR CHANGE The offense of driving while intoxicated was abolished by statute, thereby making references to DWI schools inappropriate; title of position coordinating such program has similarly been changed.
*276 PRESENT RULE of the Supreme Court on a form provided by the Supreme Court.
(2) Each certified DWI school shall cause records and accounts to be kept in accordance with procedures prescribed by the Supreme Court. Such records and accounts will be subject to audit by the designated representative of the Supreme Court.
(3) Each DWI School shall collect the trust fund in accordance with the plan attached hereto.
Pursuant to Section 25.387, Florida Statutes, the Supreme Court hereby adopts the following plan for the implementation of the DWI Schools Coordination Trust Fund.
(1)Effective July 1, 1981, all DWI schools in the state of Florida shall assess three dollars against every individual enrolling in a DWI course at the time of the enrollment, including those who transfer to or from a school in another state. Federal military employees, their dependents and retired military personnel who attend a federal military DWI school shall be subject to the assessment. In addition, effective October 1, 1986, second and third offenders evaluated for eligibility for restricted licenses pursuant to section 322.271(2)(b), Florida Statutes, shall be assessed three dollars upon enrollment in the program and upon each subsequent anniversary date of such enrollment for the duration of the restricted license period.
(2) In no case shall the assessment be waived.
(3) Each school shall remit on a monthly basis the assessment collected. The monthly remittance shall be forwarded at such time so as to be received by the Supreme Court by the seventh working day of the next month. The remittance shall be in the form of a check or money order payable to the State of Florida and be sent with a form entitled “DWI Schools Corodination Trust Fund —Remittance of $3.00 Additional Assessment.” See Appendix A.
(4)Each DWI school shall cause records and accounts to be kept which show the collection of each assessment and which will be subject to audit by the Supreme Court. The records of the
PROPOSED RULE Florida Statutes, to the BIS Schools — Coordinator DUI Programs Director of the Supreme Court on a form provided by the Supreme Court.
(2) Each certified DWI Schools DUI Program shall cause records and accounts to be kept in accordance with procedures prescribed by the Supreme Court. Such records and accounts will be subject to audit by the designated representative of the Supreme Court.
(3) Each DWI- School DUI Program shall collect the trust fund in accordance with the plan attached hereto.
Pursuant to Section 25.387, Florida Statutes, the Supreme Court hereby adopts the following plan for the implementation of the DWI Schools DUI Programs Coordination Trust Fund.
(1) Effective July 1, 1981, all DWI-Schools All DUI Programs in the state of Florida shall assess three dollars against every individual enrolling in a DWI DUI course at the time of the enrollment, including those who transfer to or from a school program in another state. Federal military employees, their dependents and retired military personnel who attend a federal military DWI School DUI program shall be subject to the assessment. In addition, effective October 1, 1986, second and third offenders evaluated for eligibility for restricted licenses pursuant to section 322.-271(2)(b), Florida Statutes, shall be assessed three dollars upon enrollment in the program and upon each subsequent anniversary date of such enrollment for the duration of the restricted license period.
(2) In no case shall the assessment be waived.
(3) Each school program shall remit on a monthly basis the assessment collected. The monthly remittance shall be forwarded at such time so as to be received by the Supreme Court by the seventh working day of the next month. The remittance shall be in the form of a check or money order payable to the State of Florida and be sent with a form entitled “DWI — Schools DUI Programs Coordination Trust Fund-Remittance of $3.00 Additional Assessment.” See-Appendix A, This form shall be subject to the approval of the DUI Program Trust Fund Commission.
(4) Each BWTSchool DUI Program shall cause records and accounts to be kept which show the collection of each assessment and which will be subject to audit by the Supreme Court. The records
REASON FOR CHANGE
The forms (Appendix A and B) have been removed from the rules since their possibly frequent need for amendments does not seem to be of sufficient importance to invoke the amendatory rule process of the Court. Under the proposed amendment any changes could be made by the Court-appointed Trust Fund Commission.
The function of administering the trust fund is also placed with the Trust Fund Commission.
*277 PRESENT RULE assessments shall be in a form specified by the Supreme Court. See Appendix B.
(5) Each shcool shall be responsible for all costs, if any, incurred through complaince with the requirements of the fund.
(6) Each DWI school may request a $3.00 increase in the fee charged for enrollment in the DWI course, to cover the assessment. The DWI Schools Coordinator’s Office shall determine whether a change in the fee is appropriate.
(7) Monies collected by the fund shall be used by the DWI Schools Coordinator’s Office to pay for staff salaries, travel and other expenses related to the functioning of the office. The fund will also be used to pay for programs in which the coordinators office engages, including but not limited to, interstate reciprocity, training, certification, monitoring and technical assistance. The Supreme Court may assess the fund for reasonable costs for the administration of the fund.
(8) The DWI Schools Coordinator shall be the administrator of the fund.
PRESENT RULE
All trials and hearings shall be held in open court and shall be conducted in an orderly manner according to the law and applicable rules. Questions pertaining to the conduct of the trial or hearing, not covered by law or these rules, shall be determined by the official. Except in emergencies, all proceedings for the trial of traffic cases shall be held in a room suitable for the purpose; such facilities shall be subject to inspection and approval of the Review Committee.
PRESENT RULE
Except as hereinafter provided, trial under this part shall be governed by the Rules of Criminal Procedure so far as they may be applicable unless they are in conflict with these rules. A person shall be considered "taken into custody” for the purpose of Rule 3.191 when he is arrested or when a traffic citation, notice to appear, summons, information or indictment is served upon him in lieu of arrest.
PROPOSED RULE of the assessments shall be in a form specified by the Supreme Court. See Appendix B, This form shall be subject to the approval of the DUI Program Trust Fund Commission.
(5) Each school program shall ■ be responsible for all costs, if any, incurred through compliance with the requirements of the fund.
(6) Each BWI School DUI Program may request a $3.00 increase in the fee charged for enrollment in the BWI DUI course, to cover the assessment. The BWI Schools Coordinator’s DUI Programs Coordination Office shall determine whether a change in the fee is appropriate.
(7) Monies collected by the fund shall be used by the DWI Schools Coordinator’s DUI Programs Coordination Office to pay for staff salaries, travel and other expenses realted to the functioning of the office. The fund will also be used to pay for programs in which the coordinator's Director’s office engages, including but not limited to, interstate reciprocity, training, certification, monitoring and technical assistance. The Supreme Court may assess the fund for reasonable costs for the administration of the fund.
(8) The BWI-Schools- Coordinator DUI Program Trust Fund Commission shall be the administrator of the fund.
Rule 6.140 Conduct of Trial
PROPOSED RULE
All trials and hearings shall be held in open court and shall be conducted in an orderly manner according to law and applicable rules. All proceedings for the trial of traffic cases shall be held in a place suitable for the purpose; such facilities shall be subject to inspection and approval of the Review Committee.
Rule 6.160 Practice as in Criminal Rules
PROPOSED RULE
Except as hereinafter provided, the Rules of Criminal Procedure shall govern this part. A person shall be considered “taken into custody” for the purpose of Rule 3.191 when he is arrested, or when a traffic citation, notice to appear, summons, information or indictment is served upon him in lieu of arrest.
REASON FOR CHANGE
REASON FOR CHANGE
There was a major elimination in this particular Rule, as the Committee felt that all questions pertaining to the conduct of any trial or hearing were covered by case decision, law, and the Rules and that an official should not be permitted to decide on any other basis. It was also felt that the word place, should be substituted for the word room as in some emergency situations hearings had been held outside, etc.
REASON FOR CHANGE
The purpose of the charge was to make clear that both pre-trial as well as trial, under this part, was governed by the Rules of Criminal Procedure, unless there was a conflict. The previous Rule had only applied to "trial” — and the Committee felt that pre-trial and post-trial procedures should also apply.
*278 Ru!e 6.165 Complaint; Summons, Form, Use
PRESENT RULE
(b) The Court may allow the prosecutor to amend in open court a traffic citation alleging a criminal traffic offense to state a different traffic offense. No new traffic citation need be issued by the arresting officer. The Court in its discretion may grant additional time to the defendant for the purpose of preparing his defense if the amendment has prejudiced the defendant.
PRESENT RULE
PRESENT RULE
PRESENT RULE
PROPOSED RULE
(b) The Court may allow the prosecutor to amend in open court a traffic citation alleging a criminal traffic offense to state a different traffic offense. No new traffic citation need be issued by the arresting officer. The court shall grant additional time to the defendant for the purpose of preparing his defense if the amendment has prejudiced the defendant.
PROPOSED RULE
New Rule 6.180 Sentencing In DUI Cases
SENTENCING, REPEAT OFFENDERS: A Defendant alleged to have a prior conviction within the meaning of F.S. 316.193 shall have a right to silence concerning any prior conviction at the time of plea or sentence. If such right is invoked by the Defendant, the State shall have a reasonable time, if requested, to determine if any prior convictions exist. If the State is unable to prove any prior convictions, then the Defendant, shall be treated as if no prior convictions exist. This provision shall not prevent the Department of Motor Vehicles from suspending a Defendant’s driving privilege for a longer period than the Court has entered if a prior record is discovered by the Department.
PROPOSED RULE
New Rule 6.183 Peremptory Challenges
In every jury trial in which a Defendant is charged with a violation of F.S. 316.193, each party shall have THREE (3) peremptory challenges, but the trial court, in the interest of justice, may in its discretion permit additional challenges.
PROPOSED RULE
New Rule 6.185 Implied Consent Hearings
REASON FOR CHANGE
It was felt that Due Process required the Court to grant a continuance to the defendant as a matter of right, if the amendment prejudiced the defendant. The Committee felt that this should be mandatory and not discretionary.
REASON FOR CHANGE
New Rule 6.180 Sentencing In DUI Cases
Rule 6.180 is new and is designed to codify existing procedures in DUI cases. Subsection (a) of the Rule sets forth what has become known as a “Meehan Plea”. Meehan v. State, 397 So. 2d 1214 (2 DCA, 1981).
REASON FOR CHANGE
New Rule 6.183 Peremptory Challenges
This Rule was initially drafted to allow six (6) peremptory challenges per side in all DUI trials on the basis that the penalties in a DUI were normally more severe than most third degree felonies, that the trial was as complicated as any second degree felony, and that it was also subject to extreme jury prejudice due to “media-blitz” publicity and the pressures from citizen action groups, as well as the numbers of prospective jurors who were nondrinkers and/or had religious reasons against drinking. The proposed rule met with strong opposition from the Committee as drafted, with an almost even split vote. An amendment was proposed, which is the above rule as written, which satisfied all members of the Committee, as it was recognized that the outlined problems existed, and the Committee felt that a rule was needed to affirmatively show that additional peremptories should be freely granted by the court when the need arose.
REASON FOR CHANGE
New Rule 6.185 Implied Consent Hearings
*279 PRESENT RULE PROPOSED RULE REASON FOR CHANGE
PROCEDURES: In all hearings arising under F.S. 322.261, the following procedure shall be followed:
1. A hearing shall be scheduled within TWENTY (20) days of the filing of the petition with the Court.
2. The Court may grant a State or Court Continuance of any hearing on the request of either party for good cause shown. The granting of a State or Court Continuance shall not cause the suspension of a petitioner’s driving privileges.
3. Proceedings under this Rule shall be governed by the provisions of the Florida Evidence Code, except that otherwise inadmissible hearsay shall be permitted to establish compliance with F.S. 322.261(3)(a), Florida Statutes.
LIMITED DISCOVERY FOR IMPLIED CONSENT HEARINGS: In all hearings arising under F.S. 322.261 a Defendant may, at the time the petition is filed, also demand in writing from the State Attorney, limited Discovery concerning the hearing. Upon such request, the State shall provide the Defendant with a copy of the arrest report or probable cause affidavit of the arresting officer, and shall make a copy of any video tape in the cause available for viewing by the petitioner and/or his attorney no less than TWO (2) business days prior to the hearing. A failure of the State to so provide limited Discovery shall require the Court to grant a Court or State Continuance of the hearing if the petitioner so moves.
Rule 6.186 is new, and was unanimously passed by the Committee as needed to define the procedures to be used in “Implied Consent” hearings. Section (A)(2) was inserted to recognize that Due Process considerations sometimes mandated continuances to be charged against the State or taken by the Court. This is already the practice followed in many courts. Section (A)(3) was changed several times before receiving unanimous approval in its presently drafted form. The Committee wanted to make clear that although hearsay exceptions are admissible under the Florida Evidence Code, that all hearsay, even hearsay that does not fall within the exceptions should be admissible to establish reasonable cause as to the Defendant being the driver, since many arrests take place at the scene of an accident where all drivers are outside of their vehicles and the officer must rely on the statements of witnesses for all details and identifications; and other stops are made by a “fellow officer” who turns it over to another officer for the final arrest.
Rule 6.290 Withhold Adjudication Prohibited; When
PRESENT RULE PROPOSED RULE REASON FOR CHANGE
(b) The Court is also prohibited from accepting a plea of guilty or nolo contendere to a lesser offense from a person charged with driving while under the influence, as provided for in Chapters 316 and 322, Florida Statutes, whose chemical results show a blood alcohol content by weight of .20 percent or more.
This paragraph was eliminated by the Committee as there is no “lesser offense” for a DUI. Moreover, the enhanced penalty, under F.S. 316.193(4) for a blood alcohol level of .20 or above, has inherently changed the entire previous meaning of the eliminated subsection. The new enhanced penalty portion of the statute creates a “lesser offense” to the “enhancement” — but not to the DUI.
IV TRAFFIC INFRACTIONS
Rule 6.340 Rule on Admission that Traffic Infraction was Committed; Affidavit of Defense
PRESENT RULE
(a) If any person admits that a traffic infraction was committed, the official shall set the civil penalty and .enter judgment accordingly and for this purpose may hear evidence on the nature of the case and after the hearing may refuse to accept the admission in his discretion.
PROPOSED RULE
(a) If any person admits that a traffic infraction was committed, the official shall set the civil penalty and enter judgment accordingly and for this purpose may hear evidence on the nature of the case and after the hearing may refuse to accept the admission in his discretion.
REASON FOR CHANGE
In order to provide for uniform application of the affidavit of defense procedure throughout the state, the proposed amendment would require the clerk to accept such affidavits (under the appropriate circumstances) rather than placing the question of acceptance within the discretion of the clerk.
*280 PRESENT RULE
(b) No admission shall be received by the court other than by appearance of the offender or the offender’s attorney in open court or as herein provided in these rules or by statutory law. The acceptance by a court of a signed admission or waiver of trial, contrary to the provisions of these rules or statutory law is forbidden.
(c) Any person charged with the commission of a traffic infraction who is not a resident of or domiciled in the county where the alleged infraction took place may, at the discretion of the clerk or traffic violations bureau, file a written statement setting forth facts justifying the filing of an affidavit of defense or file an affidavit of defense directly if practicable upon posting a reasonable bond set by the official.
Any person charged with the commission of a traffic infraction who is a resident of or domiciled in the county where the alleged infraction took place, if unable to appear because of an extended illness or extended absence from the county, may, at the direction of the clerk or traffic violations bureau, file a written statement setting forth facts justifying the filing of an affidavit of defense or file an affidavit of defense directly if practicable upon posting a reasonable bond set by the official.
If a written statement of facts is filed and in the opinion of the official, it afirmatively appears from these facts that the interests of justice will best be served by allowing the alleged offender to file an affidavit of defense, such affidavit, upon the posting of a reasonable cash appearance bond set by the official, may be filed with the clerk of the court or the traffic violations bureau.
Any such affidavit shall be sworn to before a notary public, deputy clerk or clerk. Upon acceptance of an affidavit by an official it shall be accepted as an appearance. Such affidavits may be accepted where a mandatory hearing is required to either deny or admit the commission of the infraction or as an appearance denying the commission of the infraction where no mandatory hearing is required. Such affidavit shall be considered in evidence by the official presiding at the time when such case is scheduled for hearing and the case may be adjudicated upon evidence offered in support of the complaint and such affidavit.
PROPOSED RULE
(b) No admission shall be received by the court other than by appearance of the offender or the offender’s attorney in open court or as herein provided in these rules or by statutory law. The acceptance by a court of a signed admission or waiver of trial, contrary to the provisions of these rules or statutory law is forbidden.
(c) Any person charged with the commission of a traffic infraction who is not a resident of or domiciled in the county where the alleged infraction took place may, at the-discretion of the- clerk--er traffic violations bureau, file a written statement setting forth facts justifying the filing of an affidavit of defense or file an affidavit of defense directly if practicable upon posting a reasonable bond set by the official.
Any person charged with the commission of a traffic infraction who is a resident of or domiciled in the county where the alleged infraction took place, if unable to appear because of an extended illness or extended absence from the county, may, at the direction of the clerk- or traffic violations bureau, file a written statement setting forth facts justifying the filing of an affidavit of defense or file an affidavit of defense directly if practicable upon posting a reasonable bond set by the official.
If a written statement of facts is filed and in the opinion of the official, it affirmatively appears from these facts that the interests of justice will best be served by allowing the alleged offender to file an affidavit of defense, such affidavit, upon the posting of a reasonable cash appearance bond set by the official, may be filed with the clerk of the court or the traffic violations bureau.
Any such affidavit shall be sworn to before a notary public, deputy clerk or clerk. Upon acceptance of an affidavit by an official it shall be accepted as an appearance. Such affidavits may shall be accepted where a mandatory hearing is required to either deny or admit the commission of the infraction or as an appearance denying the commission of the infraction where no mandatory hearing is required. Such affidavit shall be considered in evidence by the official presiding at the time when such case is scheduled for hearing and the case may be adjudicated upon evidence offered in support of the complaint and such affidavit.
REASON FOR CHANGE
*281 Rule 6.455 Amendments
PRESENT RULE
The charging instrument may be amended at any time prior to hearing, subject to the approval of the official. The official may grant a continuance if such amendment requires one in the interests of justice. No case shall be dismissed by reason of any informality or irregularity in the charging instrument.
PROPOSED RULE
The charging instrument may be amended at any time prior to the hearing, subject to the approval of the official. The official may shall grant a continuance if such amendment requires one in the interests of justice. No case shall be dismissed by reason of any informality or irregularity in the charging instrument.
REASON FOR CHANGE
The revision deletes the word “may” and substitutes the word “shall”. This brings the Rule in accord with Due Process.
Rule 6.540 Time for and Method of Making Motions; Procedure
PRESENT RULE
(a)A motion for new hearing or in arrest of judgment, or both, may be made within four days, or such greater time as the official may allow, not to exceed 30 days, after the finding of the official.
PROPOSED RULE
(a)A motion for new hearing or in arrest of judgment, or both, may be made within four ten (10) days, or such greater time as the official may allow, not to exceed thirty (30) days, after the finding of the official.
REASON FOR CHANGE
The Committee changed the time period to become uniform with Criminal Procedure Rule 3.590.
Rule 6.575 Retention of Case Files
PRESENT RULE
For the purpose of record retention pursuant to the General Records Schedule D-T 1, case files with an outstanding or unsatisfied D-6 shall be considered disposed of five years after the submission of the D-6 by the clerk to the Department of Highway Safety and Motor Vehicles. If the clerk disposes of a file, the Department shall be notified.
PROPOSED RULE
For the purpose of record retention pursuant to the General Records Schedule D-T 1, case files with an outstanding of unsatisfied D-6 shall be considered disposed of five seven years after the submission of the D-6 by the clerk to the Department of Highway Safety and Motor Vehicles. If the clerk disposes of a file, the Department shall be notified.
REASON FOR CHANGE
In light of recent statutory change providing for the six year (rather than four) renewal of drivers licenses, a corresponding change in records retention was deemed appropriate.
Rule 6.600 Failure to Appear or Pay Civil Penalty; Reinstatement of Driver License
PRESENT RULE
(a) In any case where no mandatory hearing is required and the person has signed and accepted a citation but fails to pay the civil penalty or appear, notice of such failure shall be sent to the department within 5 days after failure to comply with the requirements of section 318.15(1).
(b) If the person appears after the notice has been sent but before the department has suspended the driver license, the civil penalty may be paid without a hearing or the person may agree to attend a hearing. The department shall be notified immediately on a form to be supplied by the department.
(c) If the person appears after the driver license has been suspended, the alleged offender may pay the civil penalty without a hearing and may be required to agree to attend a driver school or may agree to attend a hearing. If an election to attend a hearing is made and it is determined that the infraction was committed the offender is subject to the penalty provisions of section 318.14(5), Florida Statutes. The person shall be given a form supplied by the department, certified by the official, to be taken to the nearest driver license examining station in
PROPOSED RULE
(a) In any case where no mandatory hearing is required and the person has signed and accepted a citation but fails to pay the civil penalty or appear, notice of such failure shall be sent to the department within 5 days after failure to comply, in order to comply with the requirements of section 318.-15(1).
(b) If the person alleged offender appears after the notice has been sent but before the department has suspended the driver license, the civil penalty may be paid without a hearing or the person alleged offender may agree to attend a hearing. The department shall be notified immediately on a form to be supplied by the department.
(c) If the person alleged offender appears after the driver license has been suspended, the-alleged offender he may pay the civil penalty, elect to attend a driver improvement school, or request a hearing. Any request for a hearing shall be made within a reasonable period of time after the commission of the alleged offense. wMiout-a-hearing and may be required to -agree-to-attend a driver school or may agree to attend a hearing. If an election to attend a hearing is made granted and it is determined that the infraction was committed the offender is
REASON FOR CHANGE
It was thought that an alleged offender who fails to appear until after his driver license has been suspended (which could be years later) should not be allowed to elect a hearing in those cases where the state has been prejudiced by the passage of time.
*282 PRESENT RULE
order to have the driving privilege reinstated.
PROPOSED RULE
shall be subject to the penalty provisions of section 318.14(5), Florida Statutes. The person shall be given a form supplied by the department, certified by the official, to be taken to the nearest driver license examining station in order to have the driving privilege reinstated.
REASON FOR CHANGE