# Supreme Court of Florida

---

No. SC2023-0360

---

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF TRAFFIC COURT.**

August 31, 2023

PER CURIAM.

The Florida Bar's Traffic Court Rules Committee (Committee) filed a report proposing amendments to the Florida Rules of Traffic Court.[1] The proposed amendments were unanimously approved by the Committee and The Florida Bar's Board of Governors. Both the Committee and the Court separately published the proposed amendments for comment, but no comments were received.

Having considered the Committee's report, we hereby adopt the amendments to the Florida Rules of Traffic Court as proposed by the Committee. The amendments delete rules 6.080 (Improper Disposition of Traffic Ticket), 6.180 (Sentencing Repeat Offenders),

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

6.183 (Peremptory Challenges), 6.190 (Procedure on Failure to Appear; Warrant; Notice), and 6.300 (Driver License Revocation; Maintaining List) as obsolete or redundant to other rules. Text from rule 6.080 relating to contempt proceedings is streamlined and moved to rule 6.090 (Direct and Indirect Criminal Contempt).

Accordingly, we amend the Florida Rules of Traffic Court as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective January 1, 2024, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Traffic Court

Howard James Williams, Chair, Traffic Court Rules Committee, Tampa, Florida, Andrew Joseph Decker IV, Past Chair, Traffic Court Rules Committee, Lake City, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Michael Hodges, Bar Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

## RULE 6.080.   IMPROPER DISPOSITION OF TRAFFIC TICKET

Any person who solicits or aids in the disposition of a traffic complaint or summons in any manner other than that authorized by law or who willfully violates any provision of these rules shall be proceeded against for criminal contempt in the manner provided in these rules. However, a traffic hearing officer shall not have the power to hold any person in contempt of court, but shall be permitted to file a verified motion for order of contempt before any state trial court judge of the same county in which the alleged contempt occurred. Such matter shall be handled as an indirect contempt of court pursuant to the provisions of Florida Rule of Criminal Procedure 3.840.

### Committee Notes

**1990 Amendment.** This rule expands the statutory mandate of Chapter 89-337, section 3(1) which deprives magistrates of the power of contempt with respect to defendants only. The rule extends the prohibition of a magistrate's direct contempt powers to cover any person. The Committee expressed concern that if the contempt prohibition were limited to only the defendant, it might be assumed that such powers existed with respect to others such as attorneys, court personnel and witnesses. This rule also incorporates reference to the provisions of Florida Rule of Criminal Procedure 3.840 by specifying that magistrates may initiate indirect contempt proceedings by filing a verified motion for order of contempt pursuant to the Rule of Criminal Procedure.

**1996 Amendment.** Enactment of chapter 94-202, Laws of Florida, necessitated the deletion of all references in the rules to traffic "magistrates" in favor of the term traffic "hearing officers."

## RULE 6.090.   DIRECT AND INDIRECT CRIMINAL CONTEMPT

Direct and indirect criminal contempt shall be proceeded upon in the same manner as in the Florida Rules of Criminal Procedure.

A traffic hearing officer does not have the power to hold any person in contempt of court, but is permitted to file a verified motion for order of contempt before any state trial court judge of the same county in which the alleged contempt occurred. Such matter must be handled as an indirect contempt of court under the provisions of Florida Rule of Criminal Procedure 3.840.

**Committee Notes**

[No Change]

## RULE 6.180.   SENTENCING REPEAT OFFENDERS

**(a)   Defendant's Rights.** A defendant, alleged to have a prior conviction for a criminal traffic offense, shall have the right to remain silent concerning any prior conviction at the time of plea or sentence.

**(b)   Proof of Prior Convictions.** If the right to remain silent is invoked by the defendant, the state shall have a reasonable time, if requested, to determine if any prior convictions exist. If the state is unable to prove any prior convictions, the defendant shall be treated as if no prior convictions exist.

**(c)   Suspension by Department.** This provision shall not prevent the department from suspending a defendant's driving privilege for a longer period than the court has entered if a prior record is discovered by the department.

**Committee Notes**

**1988 Adoption.** Rule 6.180 is new and is designed to codify existing procedures in DUI cases. The rule sets forth what has become known as a "Meehan plea." *Meehan v. State*, 397 So. 2d 1214 (Fla. 2d DCA 1981).

**1992 Amendment.** Makes a "Meehan plea" applicable to all criminal traffic offenses.

## RULE 6.183. PEREMPTORY CHALLENGES

In every jury trial in which a defendant is charged with a violation of section 316.193, Florida Statutes, each party shall have 3 peremptory challenges, but the trial court, in the interest of justice, in its discretion may permit additional challenges.

### Committee Notes

**1988 Adoption.** This rule was initially drafted to allow 6 peremptory challenges per side in all DUI trials on the basis that the penalties in a DUI were normally more severe than most third-degree felonies, that the trial was as complicated as any second-degree felony, and that it was also subject to extreme jury prejudice due to "media blitz" publicity and the pressures from citizen action groups, as well as the numbers of prospective jurors who were nondrinkers or had religious reasons against drinking. The proposed rule met with strong opposition from the committee as drafted, with an almost even split vote. An amendment was proposed, which is the above rule as written, which satisfied all members of the committee, as it was recognized that the outlined problems existed, and the committee felt that a rule was needed to affirmatively show that additional peremptories should be freely granted by the court when the need arises.

# RULE 6.190.    ~~PROCEDURE ON FAILURE TO APPEAR;~~ ~~WARRANT; NOTICE~~

~~**(a)    Issuance of Warrants.** The court may direct the issuance of a warrant for the arrest of any resident of this state, or any non-resident on whom process may be served in this state, who fails to appear and answer a criminal traffic complaint or summons lawfully served on such person and against whom a complaint or information has been filed. The warrant shall be directed to all law enforcement officers, state, county, and municipal, in the state and may be executed in any county in this state.~~

~~**(b)    Warrant Not Issued or Served; Disposition of Case.** If a warrant is not issued or is not served within 30 days after issuance, the court may place the case in an inactive file or file of cases disposed of and shall report only bond forfeiture cases and cases finally adjudicated to the driver license issuing authority of the department. For all other purposes, including final disposition reports, the cases shall be reported as disposed of, subject to being reopened if thereafter the defendant appears or is apprehended.~~

~~**(c)    Nonresident of State; Failure to Appear or Answer Summons.** If a defendant is not a resident of this state and fails to appear or answer a traffic complaint, the clerk of the court or the court shall send notice to the defendant at the address stated in the complaint and to the department. The department shall send notice to the license issuing agency in the defendant's home state. If the defendant fails to appear or answer within 30 days after notice is sent to the defendant, the court shall place the case in an inactive file or file of cases disposed of, subject to being reopened if thereafter the defendant appears or answers or a warrant is issued and served.~~

~~**(d)    Forfeiture of Bail.** The waiting period imposed herein shall not affect any proceedings for forfeiture of bail.~~

# ~~RULE 6.300. DRIVER LICENSE REVOCATION; MAINTAINING LIST~~

~~In order to comply with the provisions of section 322.282(1), Florida Statutes, the clerk need not maintain a separate list of driver license revocations or suspensions from his or her existing records.~~