# Supreme Court of Florida

_____

No. SC18-18

_____

## IN RE: AMENDMENTS TO THE FLORIDA RULES OF TRAFFIC COURT.

August 30, 2018

PER CURIAM.

We have for consideration the regular-cycle report of proposed amendments to the Florida Rules of Traffic Court filed by The Florida Bar's Traffic Court Rules Committee (Committee). *See* Fla. R. Jud. Admin. 2.140(b)(4). We have jurisdiction. *See* art. V, § 2(a), Fla. Const. We adopt the majority of the amendments as proposed by the Committee, including the deletion of rule 6.580 (Completion of Driver School; Conditions) as outdated. However, as discussed herein, we decline to adopt most of the Committee's proposed amendments to rule 6.140 (Conduct of Trial), and adopt the proposed amendments to rule 6.200(b) (Pleas and Affidavits of Defense; Written Pleas of Guilty or Nolo Contendere) with modifications.

# BACKGROUND

The Committee proposes amendments to Florida Rules of Traffic Court 6.010 (Scope); 6.020 (Purpose and Construction); 6.080 (Improper Disposition of Traffic Ticket); 6.090 (Direct and Indirect Criminal Contempt); 6.140 (Conduct of Trial); 6.180 (Sentencing Repeat Offenders); 6.190 (Procedure on Failure to Appear; Warrant; Notice); 6.200 (Pleas and Affidavits of Defense); 6.320 (Complaint; Summons; Forms; Use); 6.330 (Election to Attend Traffic School); 6.360 (Enlargement of Time); 6.455 (Amendments); 6.490 (Correction and Reduction of Penalty); 6.500 (Pronouncement and Entry of Penalty; Penalizing Official); 6.510 (Determination that Infraction was not Committed; Bond Refunded); 6.520 (Effect of Granting New Hearing); 6.530 (Imposition of Penalty Before or After Motion Filed); 6.550 (Official May Grant New Hearing); 6.560 (Conviction of Traffic Infraction); 6.570 (Reporting Action Requiring Suspension of Driver License); 6.575 (Retention of Case Files); 6.580 (Completion of Driver School; Conditions); 6.590 (Failure to Complete Driver School; Reinstatement of Driver License); 6.600 (Failure to Appear or Pay Civil Penalty; Reinstatement of Driver License); 6.610 (Failure to Fulfill Penalty Imposed After a Hearing; Reinstatement of Driver License); 6.620 (Failure to Appear for Mandatory Hearing; Reinstatement of Driver License); and 6.630 (Civil Traffic Infraction Hearing Officer Program; Traffic Hearing Officers).

Consistent with Florida Rule of Judicial Administration 2.140(b)(2), the Committee published the proposals for comment before filing them with the Court. The Committee received comments, made responsive amendments to its proposals, and republished the proposals for comment. The proposals were approved unanimously by the Board of Governors of The Florida Bar and by a majority of the Committee. The Court also published the proposals for comment and received two comments. One comment was from Civil Traffic Hearing Officers Steven D. Rubin and Sarah Blumberg opposing a number of the Committee's proposals and proposing alternative amendments to several of the rules. The other comment was from the Florida Public Defender Association (FPDA) in support of the Committee's proposed amendment to rule 6.490(b)(1) (Correction and Reduction of Penalty; Reduction of Penalty). The Committee filed a response addressing the comments and declining to make any revisions to its proposals.

## AMENDMENTS

After considering the proposed amendments, the comments filed, and the Committee's response to the comments, we adopt all of the proposed amendments, except the Committee's proposed amendment to the text of rule 6.140 (Conduct of Trial). We discuss only the proposed amendments to rule 6.140, most of which we decline to adopt, rule 6.200(b) (Pleas and Affidavits of Defense; Written Pleas of

Guilty or Nolo Contendere), which we adopt as modified herein, and rule 6.330(b) (Election to Attend Traffic School).

Rule 6.140 (Conduct of Trial) provides that "[a]ll trials and hearings shall be held in open court and shall be conducted in an orderly manner according to law and applicable rules." The rule also provides that "[a]ll proceedings for the trial of traffic cases shall be held in a place suitable for the purpose." The Committee proposes rephrasing rule 6.140 to provide that "[w]hen necessary, traffic proceedings may be held in a place suitable for the purpose." The Committee explains that its proposed amendment to the rule is for clarity and to allow flexibility to hold hearings outside of a courtroom when necessary. However, the rule does not currently limit traffic proceedings to a courtroom. Rather, the rule requires that traffic proceedings be held in a "place suitable for the purpose," which may be a place other than a courtroom, when necessary. Accordingly, we find that no amendment to the text of rule 6.140 is necessary and decline to adopt that proposed amendment. However, we adopt the Committee's proposal to rename the rule 6.140 "Committee Comments" as "Committee Notes."

Rule 6.200(b) (Pleas and Affidavits of Defense; Written Pleas of Guilty or Nolo Contendere) provides in pertinent part that, subject to the approval of the court, written pleas of guilty or nolo contendere may be entered in criminal traffic offenses that are not designated felonies and defendants may be sentenced based

on those pleas. The Committee proposes amending the rule to remove "outdated language" and to improve clarity for the reader. We adopt amendments to rule 6.200(b) with the modifications suggested by commenters, Civil Traffic Hearing Officers Steven D. Rubin and Sarah Blumberg. As amended, the rule will clearly reflect the proper sequence of events in criminal traffic offense proceedings.

Rule 6.330(b) provides that a "defendant who is sentenced to or elects to attend a driver improvement school shall have the right to attend an approved school in the location of the defendant's choice." Importantly, the Committee proposes adding the following phrase to the end of the above sentence: "including the internet when the elected or court-ordered driver improvement course is provided online." The commenters, Civil Traffic Hearing Officers Steven D. Rubin and Sarah Blumberg, expressed concern with the additional provision, explaining that it could limit the court's sentencing discretion. We thank the commenters for their thoughtful comments; however, we defer to the Committee, which was overwhelmingly in favor of the amendments, and adopt the amendments to the rule as proposed.

## CONCLUSION

Accordingly, we amend the Florida Rules of Traffic Court as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation

only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 2019, at 12:01 a.m.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Traffic Court

Anne Marie Gennusa, Chair, St. Augustine, Florida, Sergio Cruz, Past Chair, Traffic Court Rules Committee, Orlando, Florida, Joshua E. Doyle, Executive Director, and Heather Savage Telfer, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Carlos J. Martinez, Public Defender, and John Eddy Morrison, Assistant Public Defender, Eleventh Judicial Circuit, Miami, Florida; and Steven D. Rubin, Boca Raton, Florida, and Sara Blumberg, Delray Beach, Florida,

Responding with Comments

**RULE 6.010.      SCOPE**

(a)      **Application.** These rules, cited as "Florida Rules of Traffic Court" and abbreviated as "Fla. R. Traf. Ct.," shall take effect at 12:00 a.m. on January 1, 1975. These rules govern practice and procedure in any traffic case and specifically apply to practice and procedure in county courts and before civil traffic infraction hearing officers.

(b)      **Part III.** The rules under Part III of these rules apply to all criminal traffic offenses, whether prosecuted in the name of the state or any subdivision of it.

(c)      [No change]

**Committee Notes**

[No change]

**RULE 6.020.      PURPOSE AND CONSTRUCTION**

These rules shall be construed to secure simplicity and uniformity in procedure, fairness in administration, and the elimination of unnecessary expense and delay.

**RULE 6.080.      IMPROPER DISPOSITION OF TRAFFIC TICKET**

Any person who solicits or aids in the disposition of a traffic complaint or summons in any manner other than that authorized by the courtlaw or who willfully violates any provision of these rules shall be proceeded against for criminal contempt (in the manner provided in these rules). However, a traffic hearing officer shall not have the power to hold any person in contempt of court, but shall be permitted to file a verified motion for order of contempt before any state trial court judge of the same county in which the alleged contempt occurred.

Such matter shall be handled as an indirect contempt of court pursuant to the provisions of Florida Rule of Criminal Procedure 3.840.

**Committee Notes**

[No change]

## RULE 6.090.    DIRECT AND INDIRECT CRIMINAL CONTEMPT

Direct and indirect criminal contempt shall be proceeded upon in the same manner as in the <u>Florida Rules of </u>Criminal ~~Rules of ~~Procedure.

**Committee ~~Comments~~<u>Notes</u>**

[No change]

## RULE 6.140.    CONDUCT OF TRIAL

[No change]

**Committee ~~Comments~~<u>Notes</u>**

[No change]

## RULE 6.180.    SENTENCING REPEAT OFFENDERS

**(a)    Defendant's Rights.** A defendant<u>,</u> alleged to have a prior conviction for a criminal traffic offense<u>,</u> shall have ~~a~~<u>the</u> right to remain silent concerning any prior conviction at the time of plea or sentence.

**(b) – (c)**    [No change]

**Committee Notes**

**1988 Adoption.** Rule 6.180 is new and is designed to codify existing procedures in DUI cases. The rule sets forth what has become known as a "Meehan plea." *Meehan v. State*, 397 So._2d 1214 (Fla._2d DCA 1981).

**1992 Amendment.** [No change]

## RULE 6.190.    PROCEDURE ON FAILURE TO APPEAR; WARRANT; NOTICE

**(a)-(b)**    [No change]

**(c)    Nonresident of State; Failure to Appear or Answer Summons.** If a defendant is not a resident of this state and fails to appear or answer a traffic complaint, the clerk of the court or the court shall send notice to the defendant at the address stated in the complaint and to the department. The department shall send notice to the license issuing agency in the defendant's home state. If the defendant fails to appear or answer within 30 days after notice is sent to the defendant, the court shall place the case in an inactive file or file of cases disposed of, subject to being reopened if thereafter the defendant appears or answers or a warrant is issued and served.

**(d)**    [No change]

## RULE 6.200.    PLEAS AND AFFIDAVITS OF DEFENSE

**(a)**    [No change]

**(b)    Written Pleas of Guilty or Nolo Contendere.** Subject to the approval of the court, written pleas of guilty or nolo contendere may be entered in criminal traffic offenses ~~not designated felonies under the laws of the state~~, and sentence imposed thereon.

**(c)**    [No change]

## RULE 6.320.    COMPLAINT; SUMMONS; FORMS; USE

All citations for traffic infractions shall be by uniform traffic citation as provided in section 316.650, Florida Statutes, or other applicable statutes or by

affidavit. ~~If the complaint is made by affidavit a uniform traffic citation shall be prepared by the clerk and submitted to the department.~~

**RULE 6.330.      ELECTION TO ATTEND ~~TRAFFIC SCHOOL~~<u>A DRIVER IMPROVEMENT COURSE</u>**

(a)      **Attendance at ~~School~~<u>a Driver Improvement Course</u>.** Unless a mandatory hearing is required, or the defendant appears at a hearing before an official, a defendant <u>who does not hold a commercial driver license or commercial learner permit</u> may elect to attend a driver improvement ~~school~~<u>course</u> pursuant to section 318.14(9), Florida Statutes, within 30 days of receiving a citation or, if a hearing was requested, at any time before trial. ~~Attendance at a driver improvement school shall not operate to waive the law enforcement education assessments under section 943.25, Florida Statutes. A~~<u>Pursuant to this rule,</u> any defendant electing to attend <u>a</u> driver improvement ~~school~~<u>course</u> under section 318.14(9), Florida Statutes, will ~~receive a withheld~~<u>have</u> adjudication <u>withheld</u> and not be assessed points.

(b)      **Location of ~~School~~<u>Course</u>.** A defendant who is sentenced to or elects to attend a driver improvement ~~school~~<u>course</u> shall have the right to attend an approved ~~school~~<u>course</u> in the location of the defendant's choice<u>, including the internet when the elected or court-ordered driver improvement course is provided online</u>.

**Committee Notes**

[No change]

**RULE 6.360.      ENLARGEMENT OF TIME**

(a)      **Procedure.** When ~~by these rules or by a notice given thereunder or by order of an official~~ an act is required~~,~~ or allowed to be done at or within a specified time pursuant to either a court order or these rules, the official~~,~~ for good cause shown~~, at any time, in the official's discretion~~ may, at any time:

(1)      order the period enlarged if the request ~~therefor~~ is made before the expiration of the period originally prescribed or as extended by a previous order; or

(2)      [No change]

(b)      [No change]


**RULE 6.455.      AMENDMENTS**

(a)      **Non-Substantive Amendments.** The charging document may be amended at any time by the issuing officer ~~in open court at the time of a scheduled hearing before it commences, subject to the approval of the official. The official shall grant a continuance if the amendment requires one in the interests of justice.~~prior to the commencement of the hearing to correct informalities or irregularities. Such amendment will be permitted after commencement of the hearing only with approval of the official. No case ~~shall~~will be dismissed by reason of any informality or irregularity in the charging ~~instrument~~document.

(b)      **Substantive Amendments.** Absent good cause shown, an amendment that may result in an increased statutory penalty may be made only by serving notice of the amendment on the defendant in conformity with the requirements of Florida Rule of Judicial Administration 2.516 and by filing a certification of service at least 5 days prior to a scheduled hearing.

(c)      **Continuances.** The official must grant a hearing continuance when the charging document is amended and the interests of justice so require.

**Committee Notes**

**1988 Amendment.** [No change]

**2018 Amendment.** Examples of "informalities or irregularities" include, but are not limited to, statutory reference errors; illegibility of the charging document; or other scrivener or inadvertent errors contained within the charging document.

**RULE 6.490.        CORRECTION AND REDUCTION OF PENALTY**

**(a)**    [No change]

**(b)**    **Reduction of Penalty.** An official may reduce a legal penalty:

(1)    within 60 days after its imposition, or thereafter with good cause shown;

(2)    within 60 days after ~~receipt by the official of a mandate issued by the appellate court upon affirmance of the judgment and/or penalty on an original appeal~~the appellate court issues a mandate affirming the judgment and/or penalty;

(3)    within 60 days after ~~receipt by the official of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or penalty~~the appellate court issues a mandate dismissing an appeal from the judgment and/or penalty; or

(4)    [No change]

**RULE 6.500.** ~~PRONOUNCEMENT AND~~ ENTRY OF ~~PENALTY; PENALIZING OFFICIAL~~ DISPOSITION

**(a)  Entry of Penalty.** ~~The final~~ Upon disposition of ~~every~~ a case without hearing, the clerk or the official shall ~~be entered in the minutes in courts in which minutes are kept, and shall be docketed in courts which do not maintain minutes~~ enter a notation on the docket.

**(b)  Pronouncement of Penalty; Obligations of Penalizing Official.** ~~In those cases in which it is necessary that the penalty be~~ Following any hearing of a case, the disposition shall be pronounced ~~by an official other than the official who presided at the hearing, or accepted an admission, the penalizing official shall not impose a penalty without first becoming acquainted with what transpired at the hearing or the facts concerning the admission and the infraction~~ in open court and issued in writing, and shall also be docketed.

**RULE 6.510.**  **DETERMINATION THAT INFRACTION WAS NOT COMMITTED; BOND REFUNDED**

~~When it is determined~~ If an official determines that ~~a~~ the defendant did not commit an alleged traffic infraction and a bond has been posted, the ~~money or~~ bond shall be ~~refunded~~ released to the defendant, pursuant to law.

**RULE 6.520.**  **EFFECT OF GRANTING NEW HEARING**

~~When~~ If a new hearing is granted, the ~~new hearing~~ case shall proceed in all respects as if no former ~~trial~~ hearing had been ~~had~~ held.

**RULE 6.530.**  **IMPOSITION OF PENALTY BEFORE OR AFTER MOTION FILED**

The official ~~has the discretion to~~ may impose the civil penalty either before or after the filing of a motion for new hearing or arrest of judgment.

- 13 -

**RULE 6.550.          OFFICIAL MAY GRANT NEW HEARING**

When, ~~following~~after a hearing, ~~a determination has been made that~~the official determines the traffic infraction was committed, the official may grant a new hearing on a motion of the defendant~~,~~ or on the official's own motion~~, may grant a new hearing~~.


**RULE 6.560.          CONVICTION OF TRAFFIC INFRACTION**

~~An admission or determination that a defendant has committed a traffic infraction shall constitute a conviction as that term is used in chapter 322, Florida Statutes, and section 943.25, Florida Statutes, unless adjudication is withheld by an official in those cases in which withholding of adjudication is not otherwise prohibited by statute or rule of procedure. Elections under section 318.14(9) or (10), Florida Statutes, when adjudication is withheld, shall not constitute convictions, but shall involve the collections of assessments pursuant to section 943.25, Florida Statutes.~~A defendant's admission or an official's determination that the defendant committed a traffic infraction constitutes a "conviction" as that term is used in chapters 318 and 322, Florida Statutes, and section 943.25, Florida Statutes, unless the official withheld adjudication as permitted by law. Elections under section 318.14(9) or (10), Florida Statutes, when adjudication is withheld, do not constitute convictions, but require collection of assessments under section 943.25, Florida Statutes.

**RULE 6.570.      REPORTING ACTION REQUIRING SUSPENSION OF
                DRIVER LICENSE**

~~Any noncompliance with the provisions of chapter 318, Florida Statutes,
resulting in the suspension of a driver license shall be reported to the department
within 5 days after an offender's failure to comply on a form to be supplied by the
department. Any noncompliance may be determined without the necessity of
holding a hearing.~~<u>The clerk shall report to the department a defendant's failure to
comply as required by section 318.15 or 322.245, Florida Statutes. Unless required
by law, a hearing is not necessary to determine noncompliance.</u>

**RULE 6.575.      RETENTION OF CASE FILES**

~~For the purpose of record retention pursuant to the General Records
Schedule D-T 1, case files with an outstanding or unsatisfied D-6 shall be
considered disposed of 7 years after the submission of the D-6 by the clerk to the
department. If the clerk disposes of a file, the department shall be notified.~~<u>Case
files shall be retained as required by Florida Rule of Judicial Administration 2.430.</u>

**Committee Notes**

[No change]

~~**RULE 6.580.      COMPLETION OF DRIVER SCHOOL; CONDITIONS**~~

~~**(a)    Approval by Chief Judge.** All driver schools selected by the chief
judge of the circuit shall establish the conditions for the successful completion of
the driver course. The conditions shall be submitted in writing for approval of the
chief judge.~~

~~**(b)    Failure to Meet Conditions; Reporting.** Any failure to meet the
conditions for successful completion of the course shall be reported to the official
having jurisdiction of the case or the clerk or traffic violations bureau if designated
by the official of the school.~~

**RULE 6.590.     FAILURE TO COMPLETE DRIVER ~~SCHOOL~~IMPROVEMENT COURSE; REINSTATEMENT OF DRIVER LICENSE**

(a)     **Notice of Failure to Complete Driver Improvement Course.** ~~In any case in which~~If a defendant elects to attend a driver ~~school~~improvement course but fails to appear for or timely complete the course, the clerk must send a notice of the failure to complete the course ~~shall be sent~~ to the department within ~~5~~10 days after the failure to comply, ~~in order to comply with the requirements of~~as required by section 318.15(1), Florida Statutes.

(b)     **Appearance After Notice Sent.** If the defendant appears before the clerk after the failure notice ~~has been~~was sent but before the department ~~has suspended~~suspends the driver license, the clerk shall so notify the department ~~shall be notified on a form to be supplied by the department~~ immediately after the defendant satisfies the civil penalty ~~as provided in~~required by section ~~318.18~~318.15(1)(b), Florida Statutes~~, has been fulfilled~~. The clerk shall refer the case to the official who shall adjudicate the defendant guilty of the infraction as required by section 318.15(1)(b), Florida Statutes.

(c)     **Reinstatement of License.** If the defendant appears before the clerk after the department suspends the driver license ~~has been suspended, the defendant must fulfill the~~, the clerk shall refer the case to the official who shall adjudicate the defendant guilty of the infraction, and shall assess all applicable civil penalties as required by~~penalty as provided in~~ section ~~318.18~~318.15(1)(b), Florida Statutes~~, and~~. The official may ~~be required to agree again~~require the defendant to attend a driver ~~school~~improvement course. ~~The defendant shall be given a form supplied by the department, certified by the official, to be taken to the nearest driver license examining station to have the driving privilege reinstated.~~The clerk shall give notice that the defendant is in compliance upon satisfaction of the penalties, and shall indicate that the defendant's driving privileges are eligible for reinstatement.

**Committee Note**

**2018 Amendment.** Section 318.15(1)(b), Florida Statutes, requires adjudication of guilt for a defendant who elects a driver improvement course and fails to attend the course within the time required by the court.

## RULE 6.600.     FAILURE TO APPEAR OR PAY CIVIL PENALTY; REINSTATEMENT OF DRIVER LICENSE

**(a)     Notice of Failure to ~~Comply~~Appear or Pay.** ~~In any case in which~~If no mandatory hearing is required and the defendant has ~~signed and accepted a citation~~been cited but fails to pay the civil penalty or appear, the clerk must send the department notice of such failure ~~shall be sent to the department within 5 days after the failure to comply, in order to comply with the requirements of~~as required by section 318.15(1), Florida Statutes.

**(b)     Appearance After Notice Sent.** If the defendant appears before the clerk after the notice ~~has been~~was sent but before the department ~~has suspended~~suspends the driver license, the defendant may pay the civil penalty ~~may be paid without a hearing~~together with any additional penalty required by section 318.18(8)(a), Florida Statutes, or ~~the defendant~~ may request a hearing. If the defendant requests a hearing, the clerk ~~must~~shall set the case for hearing upon payment of the costs specified in section 318.18(8)(a), Florida Statutes. ~~The department must be notified immediately on a form to be supplied by the department.~~

**(c)     Reinstatement of License.** If the defendant appears before the clerk after the department suspends the driver license ~~has been suspended~~, the defendant may pay the civil penalty~~, elect to attend a driver improvement school,~~ together with any additional penalty required by section 318.18(8)(a), Florida Statutes, or request a hearing. ~~Any~~ request for a hearing ~~shall~~must be made ~~within a reasonable period of time after the commission of the alleged offense~~as provided by section 318.15(1)(c), Florida Statutes. If ~~an election to attend~~the official grants the defendant's request for a hearing ~~is granted~~ and ~~it is determined~~determines that the defendant committed the infraction ~~was committed~~, the defendant shall be subject to the penalty provisions of section 318.14(5), Florida Statutes. ~~The defendant shall~~

- 17 -

be given a form supplied by the department, certified by the official, to be taken to the nearest driver license examining station to have the driving privilege reinstated.

**Committee Notes**

[No change]

**RULE 6.610.      FAILURE TO ~~FULFILL~~SATISFY PENALTY IMPOSED AFTER A HEARING; REINSTATEMENT OF DRIVER LICENSE**

(a)      **Notice of Failure to Comply.** ~~In any case in which~~If a hearing is held, ~~if it is determined~~and the official determines that the infraction was committed, and a penalty is imposed but the penalty is not ~~fulfilled,~~satisfied within the time set by the court, the clerk shall send notice of such failure ~~shall be sent~~ to the department ~~within 5 days after the failure to comply, in order to comply with the requirements of~~as required by section 318.15(1), Florida Statutes.

(b)      **Appearance After Notice Sent.** If the defendant appears before the clerk after notice ~~has been~~was sent but before the department ~~has suspended~~suspends the driver license, the clerk shall notify the department ~~shall be notified on a form to be supplied by the department~~immediately after the defendant satisfies the penalty imposed ~~has been fulfilled~~by the official together with additional penalties as required by sections 318.15 and 318.18, Florida Statutes.

(c)      **Reinstatement of License.** If the defendant appears before the clerk after the department suspends the driver license~~has been suspended~~, the defendant must ~~fulfill~~satisfy the penalty and any other penalties required by sections 318.15 and 318.18, Florida Statutes. The official may require the defendant to attend a driver improvement course, if available, if it ~~is~~was not a part of the penalty originally imposed.~~, may be required to agree to attend a driver school if available. The defendant shall be given a form supplied by the department, certified by the official, to be taken to the nearest driver license examining station to have the driving privilege reinstated.~~ The clerk shall give notice that the defendant is in

- 18 -

compliance upon satisfaction of the penalties, and shall indicate that the defendant's driving privileges are eligible for reinstatement.

**RULE 6.620.       FAILURE TO APPEAR FOR MANDATORY HEARING; REINSTATEMENT OF DRIVER LICENSE**

(a)      **Notice of Failure to Appear.** ~~In any case in which a mandatory hearing is required and the~~If a defendant fails to appear~~,~~ for a mandatory hearing, the clerk shall send notice of such failure to appear ~~shall be sent~~ to the department ~~within 5 days after the failure to comply, in order to comply with the requirements of~~, as required by section 318.15(1), Florida Statutes.

(b)      **Appearance After Notice Sent.** If the defendant appears before the clerk after notice ~~has been~~was sent, but before the department suspends the driver license, the clerk shall ~~be notified immediately on a form to be supplied by the department and a hearing shall be held to determine whether the infraction was committed~~schedule a hearing for the official to determine whether the defendant committed the violation. If, after the hearing, the official finds the defendant committed the violation, the defendant shall be subject to the penalty provisions of section 318.14(5), Florida Statutes.

(c)      **Reinstatement of License.** If the department suspended the defendant's driver license, as authorized by law and upon request, the clerk shall set the case for hearing ~~has been suspended by the department~~ and, if after a hearing, ~~it is found that the infraction was committed, the official may require that driver school, if available, be attended as part of the penalty. The defendant shall be given a form supplied by the department, certified by the official, to be taken to the nearest driver license examining station to have the driving privilege reinstated~~the official finds the defendant committed the violation, the defendant shall be subject to the penalty provisions of section 318.14(5), Florida Statutes. If the defendant's driving privileges were not reinstated prior to the hearing, the clerk shall give notice that the defendant is in compliance upon satisfaction of the penalties, and shall indicate that the defendant's driving privileges are eligible for reinstatement.

- 19 -

**RULE 6.630.     CIVIL TRAFFIC INFRACTION HEARING OFFICER PROGRAM; TRAFFIC HEARING OFFICERS**

Under the authority of sections 318.30–318.38, Florida Statutes, and article V, section 2, Florida Constitution, this court adopts the following rules and procedure for the Civil Traffic Infraction Hearing Officer Program:

**(a)     Eligibility of County.** Pursuant to section 318.30, Florida Statutes, any county shall be eligible to participate in the Civil Traffic Infraction Hearing Officer Program. The chief judge shall make the decision on whether to participate in the program. Any county electing to participate in the program shall be subject to the supervision of the supreme court.

**(b)     Participation.** ~~Any county electing to participate in the program shall be subject to the supervision of the Florida Supreme Court. The decision on whether to participate shall be made by the chief judge.~~

**(e~~b~~)     Appointment of Traffic Hearing Officers.** The ~~appointment of such~~ chief judge shall appoint hearing officers ~~shall be made by the chief judge,~~ after consultation with the county judges in the county affected~~, and shall~~; all appointments must be approved by the chief justice. Once the chief justice grants approval ~~has been granted by the chief justice~~, the traffic hearing officers shall serve at the ~~will~~pleasure of the chief judge. Traffic hearing officers may serve either full-time or part-time at the discretion of the chief judge.

**(~~d~~c)     Jurisdiction.** Traffic hearing officers shall have the power to accept pleas from defendants, hear and rule upon motions, decide whether a defendant has committed an infraction, and adjudicate or withhold adjudication in the same manner as a county court judge. However, a traffic hearing officer shall not:

(1)-(3)        [No change]

**(e~~d~~)     Appeals.** Appeals from decisions of a traffic hearing officer shall be made to the circuit court pursuant to the relevant provisions of the Florida Rules of Appellate Procedure in the same manner as appeals from the county court, except that traffic hearing officers shall not have the power to certify questions to district

courts of appeal. The appellant shall be responsible for producing the record for ~~such~~any appeal.

**(f̶e)** **Membership in The Florida Bar.** A traffic hearing officer shall be a member in good standing of The Florida Bar.

**(g̶f)** **Training.** Traffic hearing officers must complete 40 hours of standardized training that has been approved by the supreme court. Instructors must be judges, hearing officers, and persons with expertise or knowledge with regard to specific traffic violations or traffic court. Curriculum and materials must be submitted to the Office of the State Courts Administrator. The standardized training must contain, at a minimum, all of the following:

(1)-(5)        [No change]

**(h̶g)** **Continuing Legal Education.** Traffic hearing officers must complete 4 hours of continuing legal education per year. The continuing legal education program must be approved by the supreme court and must contain a minimum of 2 hours of ethics or professionalism, and 2 hours of civil traffic infraction related education. Curriculum materials must be submitted to the Office of the State Courts Administrator.

~~(i)     **Hours.** Traffic hearing officers may serve either full time or part time at the discretion of the chief judge.~~

**(j̶h)** **Code of Judicial Conduct.** All traffic hearing officers shall be subject to the Code of Judicial Conduct as provided in the application section of the code.

~~(k)     **Implementation of Program.** In any county electing to establish a program, the chief judge shall develop a plan for its implementation and shall submit the plan to the Office of the State Courts Administrator. Funds for the program shall be used for traffic hearing officer program salaries and other necessary expenses, such as training, office rental, furniture, and administrative staff salaries. Any county electing to establish a traffic hearing officer program shall provide the funds necessary to operate the program.~~

**(~~l~~i)** **Robes.** Traffic hearing officers shall not wear robes.

**(~~m~~j)** **Concurrent Jurisdiction.** A county judge may exercise concurrent jurisdiction with a traffic hearing officer.

**(~~n~~k)** **Assignment to County Judge.** On written request of the defendant, within 30 days of the issuance of a uniform traffic citation, the case shall be assigned to a county judge.

**Committee Notes**

[No change]