# Supreme Court of Florida

_____

No. SC18-18
_____

## IN RE:  AMENDMENTS TO THE FLORIDA RULES OF TRAFFIC COURT.

December 13, 2018

PER CURIAM.

On rehearing granted,[1] the Court amends Florida Rule of Traffic Court 6.455 (Amendments) to read as it did prior to the August 30, 2018, amendments to the rule in this case.

In *In re Amendments to the Florida Rules of Traffic Court*, 252 So. 3d 704 (Fla. 2018), the Court adopted a number of regular-cycle rule amendments proposed by The Florida Bar's Traffic Court Rules Committee (Rules Committee). Among the amendments, which become effective January 1, 2019, were the amendments to rule 6.455 at issue here.  *Id.* at 711.

---

1. *See In re Amends. to Fla. Rules of Traffic Court*, No. SC18-18 (Fla. order filed Dec. 13, 2018).

On November 19, 2018, the Rules Committee filed an untimely motion for rehearing asking the Court to withdraw the amendments to rule 6.455 before their effective date. Because of the stated concerns that "allowing the amendments to take effect may create statewide havoc,"[2] the Court accepted the motion for rehearing as timely filed.[3]

According to the motion for rehearing, based on discussions with judges and practitioners after the amendments to rule 6.455 were adopted, the Rules Committee determined that the rule amendments, along with the 2018 committee note to the rule, "improperly remove discretion from the judge/hearing officer and fail to use proper standards."[4] The Rules Committee states that it cannot address the various concerns about the rule amendments and committee note before their January 1, 2019, effective date.

After considering the serious concerns raised in the motion for rehearing, the Court amends rule 6.455 to read as it did prior to the August 30, 2018, amendments to the rule and deletes the 2018 committee note. The amendments are set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments

---

2. *See id.* (motion filed Nov. 19, 2018).

3. S*ee id.* (order filed Nov. 20, 2018).

4. *See id.* (motion filed Nov. 19, 2018).

shall become effective on January 1, 2019, at 12:02 a.m. Because the amendments

were not published for comment prior to their adoption, interested persons shall

have seventy-five days from the date of this opinion in which to file comments

with the Court.[5]

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED WITHIN SEVEN DAYS. A RESPONSE TO THE MOTION FOR REHEARING/CLARIFICATION MAY BE FILED WITHIN FIVE DAYS AFTER THE FILING OF THE MOTION FOR REHEARING/CLARIFICATION.

---

5. All comments must be filed with the Court on or before February 26, 2019, with a certificate of service verifying that a copy has been served on the Committee Chair, Ms. Anne Marie Gennusa, 309 Kingsley Lake Dr., Suite 903, Saint Augustine, Florida 32092-3048, office@gennusalaw.com, and on the Bar Staff Liaison to the Committee, Ms. Heather Telfer, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, HTelfer@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until March 19, 2019, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Comments filed via the Portal must be submitted in Microsoft Word 97 or higher. *See In re Electronic Filing in the Florida Supreme Court*, Fla. Admin. Order No. AOSC17-27 (May 9, 2017). Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Traffic Court

Anne Marie Gennusa, Chair, St. Augustine, Florida, Sergio Cruz, Past Chair, Traffic Court Rules Committee, Orlando, Florida; and Joshua E. Doyle, Executive Director, and Heather Savage Telfer, Staff Liaison, The Florida Bar, Tallahassee, Florida,

     for Petitioner

Carlos J. Martinez, Public Defender, and John Eddy Morrison, Assistant Public Defender, Eleventh Judicial Circuit, Miami, Florida; and Steven D. Rubin, Boca Raton, Florida, and Sara Blumberg, Delray Beach, Florida,

     Responding with Comments

# APPENDIX

**RULE 6.455.    AMENDMENTS**

(a)    ~~Non-Substantive Amendments.~~ The charging document may be amended ~~at any time~~ by the issuing officer <u>in open court at the time of a scheduled hearing before it commences, subject to the approval of the official. The official shall grant a continuance if the amendment requires one in the interests of justice.</u>~~prior to the commencement of the hearing to correct informalities or irregularities. Such amendment will be permitted after commencement of the hearing only with approval of the official.~~ No case <u>shall</u>~~will~~ be dismissed by reason of any informality or irregularity in the charging <u>instrument</u>~~document~~.

(b)    ~~Substantive Amendments. Absent good cause shown, an amendment that may result in an increased statutory penalty may be made only by serving notice of the amendment on the defendant in conformity with the requirements of Florida Rule of Judicial Administration 2.516 and by filing a certification of service at least 5 days prior to a scheduled hearing.~~

(c)    ~~Continuances. The official must grant a hearing continuance when the charging document is amended and the interests of justice so require.~~

## Committee Notes

**1988 Amendment.** [No change]

**2018 Amendment.** ~~Examples of "informalities or irregularities" include, but are not limited to, statutory reference errors; illegibility of the charging document; or other scrivener or inadvertent errors contained within the charging document.~~